# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| ANTHONY MUNOZ, Individually and for Others Similarly Situated, | CASE NO. 1:20-cv-00124 |
| v. | FLSA COLLECTIVE ACTION |
| CAS CONSULTING & SERVICES, INC. | |

## ORIGINAL COMPLAINT

### SUMMARY

1. During the relevant time period, CAS Consulting & Services, Inc. did not pay overtime as required by the Fair Labor Standards Act ("FLSA").

2. Instead, CAS paid Anthony Munoz, and other workers like him, at the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

3. Munoz brings this collective action to recover unpaid overtime and other damages.

### JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District and Division.

6. Munoz worked for CAS in Austin, Travis County, Texas.

7. CAS' corporate headquarters are also located in this District and Division.

### THE PARTIES

8. Munoz was an hourly employee of CAS.

9. His written consent is attached as Exhibit A.

10. CAS employed Munoz and those similarly situated to him.

11. CAS paid Munoz, and each of these workers, the same amount for each hour worked and failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek in accordance with the FLSA.

12. Munoz brings this action on behalf of himself and all other similarly situated workers who were paid the same hourly rate for all hours worked by CAS.

13. **CAS Consulting and Services, Inc.** may be served with process by serving its registered agent **Channy Soeur, 6633 Hwy 290 East, Suite 104, Austin, Texas 78723.**

## COVERAGE UNDER THE FLSA

14. At all relevant times, CAS was an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

15. At all relevant times, CAS was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

16. At all relevant times, CAS was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because they had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as cell phones, computers, walkie-talkies, hardhats, and personal protective equipment - that have been moved in or produced for commerce.

17. At all relevant times, CAS has had an annual gross volume of sales made or business done of not less than $1,000,000 each.

18. At all relevant times, Munoz and the Putative Class Members (defined below) were engaged in commerce or in the production of goods for commerce.

## THE FACTS

19. CAS provides civil engineering services throughout Texas, specializing in providing consulting services in waste and wastewater engineering, water resources engineering, transportation engineering, and program and construction management.

20. Munoz was an hourly employee of CAS.

21. Munoz earned $27.00 per hour while working at CAS.

22. Munoz had the title of Engineering Technician.

23. Munoz worked for CAS from February 2017 through November 2019.

24. Munoz was not guaranteed a salary.

25. Munoz regularly worked more than 10 hour daily shifts and over 60 hours per week.

26. But CAS paid Munoz at his regular hourly rate for all hours worked in a week, including those over 40 in a week.

27. Thus, rather than receiving time and a half as required by the FLSA, Munoz only received "straight time" pay for the overtime hours he worked.

28. The "straight time for overtime" scheme violated the FLSA.

29. CAS has known about the FLSA, and its overtime requirement, for many years.

30. CAS nonetheless failed to pay certain hourly employees, such as Munoz, overtime.

31. CAS's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

32. CAS's illegal "straight time for overtime" policy extends beyond Munoz.

33. It is the "straight time for overtime" payment plan that is the "policy that is alleged to violate the FLSA" in this FLSA collective action. *Bursell v. Tommy's Seafood Steakhouse*, No. CIV.A. H-

06-0386, 2006 WL 3227334, at *3 (S.D. Tex. Nov. 3, 2006); *Wellman v. Grand Isle Shipyard, Inc.*, No. CIV.A. 14-831, 2014 WL 5810529, at *5 (E.D. La. Nov. 7, 2014) (certifying "straight time for overtime" claim for collective treatment).

34. Defendant paid dozens of hourly employees according to the same unlawful scheme.

35. Any differences in job duties do not detract from the fact that these hourly workers were entitled to overtime pay.

36. The workers impacted by Defendant's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

37. Therefore, the class is properly defined as:

**All individuals who were employed by or on behalf of of CAS Consulting & Services, Inc. who were paid "straight time for overtime" in the past three years.** ("Putative Class Members").

## FLSA VIOLATIONS

38. By failing to pay Munoz and the Putative Class Members overtime at one-and-one-half times their regular rates, CAS violated the FLSA's overtime provisions.

39. CAS owes Munoz and the Putative Class Members the difference between the rate paid to them and the proper overtime rate.

40. Because CAS knew or showed reckless disregard for whether its pay practices violated the FLSA, CAS owes these wages for at least the past three years.

41. CAS is liable to Munoz and the Putative Class Members for an amount equal to all unpaid overtime wages as liquidated damages.

42. Munoz and the Putative Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## JURY DEMAND

43. Munoz demands a trial by jury.

**PRAYER**

44. Munoz prays for relief as follows:

    a. An order allowing this action to proceed as a collective action under the FLSA and directing notice to all hourly employees who received straight time for overtime;

    b. Judgment awarding Munoz and the Putative Class Members all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

    c. An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

    d. All such other and further relief to which Munoz and the Putative Class Members may show themselves to be justly entitled.

Respectfully submitted,

By: */s/ Andrew W. Dunlap*
    **Michael A. Josephson**
    State Bar No. 24014780
    **Andrew Dunlap**
    State Bar No. 24078444
    **JOSEPHSON DUNLAP LLP**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    713-352-1100 – Telephone
    713-352-3300 – Facsimile
    mjosephson@mybackwages.com
    adunlap@mybackwages.com

    **AND**

    **Richard J. (Rex) Burch**
    Texas Bar No. 24001807
    **BRUCKNER BURCH PLLC**
    8 Greenway Plaza, Suite 1500
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com

    **ATTORNEYS IN CHARGE FOR PLAINTIFF**